Reade, J.
 

 The prisoner moved for a new trial upon three grounds:
 

 1. That inasmuch as the witness Sarah Rooker, upon whom the rape was charged to have been committed, did
 
 *51
 
 not disclose the fact to the first person whom she saw after the occurrence, her testimony was to be disregarded altogether.
 

 2. That inasmuch as Sarah Rooker followed the prisoner into the woods, it was conclusive evidence of her assent to the act.
 

 3. That it was error to allow the State to support the testimony of the said Sarah Rooker, by proving that she gave the same account of the transaction when she first disclosed it to her mother.
 

 As applicable to the first two grounds his Honor charged the jury, “ that if the witness Sarah Rooker was to be believed, the charge in the indictment was made out. But it was' exclusively for them to say whether she had told the truth. That if they were satisfied from all the facts and circumstances of the case that she had not sworn truly, or that she had assented to the act, it was their duty to acquit. That in coming to a conclusion they had the right to take into consideration the conduct of the witness, and all the circumstances surrounding the case.”
 

 We think the first and second grounds are without force, and that the charge of his Honor was correct, 4 Bl. Com., 213, Arch. Crim. Plead., 260.
 

 The competency of the evidence objected to, in the prisoner’s third ground, is settled in
 
 State
 
 v.
 
 George,
 
 8 Ire., 324, and in subsequent decisions.
 

 There was a motion in arrest of judgment, but no cause was assigned. After a careful examination of the record, we find no cause fo^ arrest of judgment.
 

 It must be certified to the Superior Court that there is no error in the judgment.
 

 Pee Curiam. Ordered to be certified accordingly.